## Bidwell v. Bishop, et al.

(Decided November 13, 1923.)

### Appeal from Muhlenberg Circuit Court.

1. Deeds—Deed to Son Held to Convey Life Estate, "Heirs" Being Used in Sense of Children as Word of Limitation.—A deed from a father to his children, providing that a named son "is to have and hold his interest during his life, and if he should marry and have heirs by marriage they shall heir his interest, but if there be none it shall (go) back to the estate of the others," held to convey to the named son only a life estate, the word "heirs" being used in the sense of children, as a word of limitation and not of purchase.

2. Life Estates—Limitations do Not Run During Lifetime of Life Tenant.—As long as life tenant lives the statute of limitations does not start running in favor of a grantee of life tenant and against the possible takers in remainder.

3. Deeds—Provisions Authorizing Conveyance Among Children Limited by Following Sentence to Conveyance of Life Estate.— A deed from a father to his children providing that "the above land is so deeded that they may sell and convey to one another at any time but not to outside parties" held limited by the following sentence that a named son is "to have and to hold his interest during his life and if he should marry and have heirs by marriage they shall heir his interest but if there be none it shall (go) back to the estate of the others;" hence the named son could not convey a fee to his brother.

BELCHER & BELCHER for appellant.

WALKER WILKINS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

This appeal presents the question: Could Harvey Bidwell, under the terms of the deed of his father, of date April 7, 1890, hereafter set out, sell and convey his share

of the lands and invest his grantee with perfect title, the said Harvey Bidwell having died without issue? Levi Bidwell, the father, deeded his farm in Muhlenberg county to his six children, with the following provisions: "The above land is so deeded that they (the children) may sell and convey to one another only at any time, but not to outside parties. Harvey Bidwell (son) is to have and hold his interest during his life and if he should marry and have heirs. by marriage they shall heir his interest, but if there be none, it shall (go) back to the estate of the others. Alfred J. Bidwell is to have and hold his interest during his natural life and at his death his interest shall go to his heirs by marriage, if there be any; and if not, it shall fall back to the estate of the others."

Harvey was not married at the time of the making of the deed, but afterwards entered into that relation, but died childless and intestate, his share having been assigned to him and occupied by him during a considerable portion of his life. Some years before he died, however, he sold his interest in his share to his brother, Thomas, who took possession of and cultivated it. Later Harvey was adjudged a lunatic and died in an asylum. After his death this suit was commenced by some of his brothers and sisters and the descendants of other descendants, alleging that the share of Harvey passed to them under the terms of the deed, and prayed a sale of the share and a division of the proceeds among the joint owners as their interests were made to appear. Appellant, Thomas Bidwell, was made party defendant, and he filed answer and cross-petition in which he set up ownership of the entire share left by Harvey under a title bond which he averred Harvey had made to him for the lands and which title bond was later delivered to appellant's counsel and lost or mislaid. It was never filed with the answer or made part of the record in this case. The plaintiffs by amended petition averred that they had never heard of the claim of Thomas to the share in fee of Harvey until after the filing of this action, and that they had no knowledge or information concerning the alleged title bond made by Harvey to Thomas, and denied Thomas had such title bond or interest in the property. They also filed reply, joining issue.

The testimony shows that Thomas took charge of the lands of Harvey some years before the latter died, and used and cultivated the lands, taking the crop as a whole;

that Harvey offered to sell his share to other brothers for $200.00, but he did not claim the fee.

By the terms of the deed Harvey Bidwell "is to have and hold his interest during his life, and if he should marry and have heirs by marriage they shall heir his interest; but if there be none, it shall fall back to the estate of the others." This clause from the deed is almost too plain to require construction. Harvey was given merely a life estate. The word "heirs" is used in the sense of children, and that part of the sentence should read, "if he should marry and have children, the children shall take his interest; but if he have no children the land shall pass to Harvey's brothers and sisters and their descendants." In this instance the word "heirs" is used as one of limitation and not of purchase, and was intended to limit the estate of Harvey, not to enlarge it. In case Harvey died without issue, the remainder in his share was to pass to his brothers and sisters and their descedants. He so died and the property must be held to have passed to his brothers and sisters and their descendants, Thomas included. If it be admitted that Harvey made a title bond to Thomas and Thomas paid him the full purchase price of the land, the latter took only what interest Harvey had under the deed, which was but a life estate. He could convey no more than that, and so long as the life tenant was in being the statute of limitations did not start running in favor of Thomas and against the possible takers in remainder. May v. C. & O. R. R., 184 Ky. 494.

Appellant contends that the sentence reading: "The above land is so deeded that they may sell and convey to one another at any time, but not to outsiders," authorized Harvey to sell to him and, therefore, the sale passed the fee. The foregoing provision is plainly limited by the next sentence, reading: "Harvey Bidwell to have and to hold his interest during his life and if he should marry and have heirs by marriage they shall heir his interest; but if there be none it shall (go) back to the estate of the others," by which Harvey took only a life estate, and never in any event a fee, for upon the happening of named events the children of Harvey were to take the fee. Harvey could not therefore convey the fee.

The chancellor having arrived at this conclusion his decree must be affirmed.

Judgment affirmed.